FILED
2006 Oct-13  AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA PEARCE, as legal guardian and next friend of minors, J.H., D.H. AND S.H., | } } } | |
| | } | CIVIL ACTION NO. |
| Plaintiff, | } | 06-AR-1679-S |
| | } | |
| v. | } | |
| | } | |
| SHELBY COUNTY, et al., | } | |
| | } | |
| Defendants. | } | |

**MEMORANDUM OPINION**

The motion to dismiss filed by defendants in the above-entitled cause on September 18, 2006, was heard at this court's regular motion docket on October 5, 2006.  The court has, since that time, tried to think up a way to allow the substitution as plaintiff of a personal representative of the as yet unopened estate of the person whose suicide is the subject of the above-entitled action brought under 42 U.S.C. § 1983.  The court has been unsuccessful in its endeavor.  The court does not have the power to ignore what the Supreme Court of Alabama pointedly said in *Waters v. Hipp*, 600 So.2d 981 (Ala. 1992), namely:

> A "personal representative," for the purposes of § 6-5-410 [Alabama's wrongful death statute], is an executor or an administrator. *Hatas v. Partin*, 278 Ala. 65, 175 So.2d 759 (1965).  One who sues under this section without having been appointed executor or administrator does not qualify under this section as a personal representative, **and the suit is a nullity**. *Downtown Nursing Home, Inc. V. Pool*, 375 So.2d 465 (Ala. 1979), cert. denied, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980).

(emphasis added).

This plaintiff is neither an executor nor an administrator. The fact that the action is brought pursuant to a federal civil rights statute does not change the requirement that an entity with standing to bring the action be the plaintiff. Alabama law controls on this subject. Accordingly, the motion to dismiss will be granted by separate order and the action dismissed without prejudice. This obviates any need to discuss the other alleged shortcomings in plaintiff's complaint.

      DONE this 12th day of October, 2006.

                                        _____
                                        WILLIAM M. ACKER, JR.
                                        UNITED STATES DISTRICT JUDGE